**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-07171 BKT** |
| **CECILIA HERNÁNDEZ DÍAZ** | **Chapter 13** |
| **Debtor** | |
| **CECILIA HERNÁNDEZ DÍAZ** | **Adversary No. 14-00217 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **ASOCIACIÓN DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET ALS** | |
| **Defendants** | **FILED & ENTERED ON 01/11/2016** |

## OPINION AND ORDER

Before this Court is *Plaintiff's Motion for Summary Judgment* filed by Plaintiff, Cecilia Hernández Díaz ("Ms. Hernández" or "Plaintiff") [Dkt. No. 35], the *Statement of Uncontested Facts in Support of Plaintiff's Motion for Summary Judgment* filed by Plaintiff [Dkt. No. 34], the *Opposition to Plaintiff's Motion for Summary* Judgment filed by Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA") and Banco Santander – Puerto Rico ("Santander" or,  collectively with AEELA, "Defendants") [Dkt. No. 43], the *Response to Statement of Uncontested Facts in Support of Plaintiff's Motion for Summary Judgment* filed by Defendants [Dkt. No. 42], and the *Plaintiff's Reply to Defendant's Opposition to Motion for*

1

*Summary Judgment* filed by Plaintiff [Dkt. No. 50]. For the reasons set forth below, *Plaintiff's Motion for Summary Judgment* is GRANTED, in part, and DENIED, in part.

## I. Factual Background

The facts in this case are straightforward, and for the most part, not in dispute. On August 29, 2014, Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code. Plaintiff's principal place of residence is identified as property number 57820 at the Registry of Property of Puerto Rico, Second Section of Carolina, recorded at page 136 of volume 1400 of Carolina, third inscription (hereinafter "Property"). Both Plaintiff and Defendants agree that the Property has a fair market value of $60,000.00 and is encumbered by two mortgages. Both mortgages are in favor of AEELA.[1] The first mortgage has an approximate balance due of $72,365.99. The second mortgage has an approximate balance due of $18,091.76.

Pursuant to 11 U.S.C. §§ 506 & 1322, Plaintiff seeks a judgment: (1) determining that the value of the property is $60,000.00; (2) declaring that AEELA's interest in the Property is wholly unsecured; and (3) determining that AEELA's claim for its second mortgage be classified as unsecured. Relying on United States Supreme Court jurisprudence, Defendants argue that 11 U.S.C. § 1322(b)(2) precludes this Court from modifying AEELA's security interest in the Property. However, it appears undisputed that pursuant to 11 U.S.C. § 506(a) and the stipulated Property value, the second mortgage lien would be wholly unsecured. For the following reasons, this Court agrees with the Plaintiff's analysis and partially grants summary judgment in her favor.

---

[1] Santander is AEELA's servicer.

## II.        Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P.  Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of

Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

### III. Legal Analysis

The main issues before the court are: (1) whether the value of the Property is $60,000.00; and (2) whether Defendants' second mortgage security interest in the Property may be modified. As to the first issue, both parties agree that the value of the Property is $60,000.00. Therefore, this Court holds that the value of the Property is, indeed, $60,000.00.

The second issue before court is heavily contested. The issue centers on the interplay between Section 506(a) and Section 1322(b)(2) of the Bankruptcy Code. Section 506(a)(1) states that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be,

and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a). In other words, "[t]he effect of § 506(a) is that a claim that is 'secured' under commercial law may or may not be a 'secured claim' in the context of the Bankruptcy Code." In re Mann, 249 B.R. 831, 833 (B.A.P. 1st Cir. 2000) (citations omitted). "Rather, pursuant to § 506(a), a claim is deemed secured only to the extent of the value of the creditor's interest in the debtor's interest in the subject collateral." Id. A conflict arises when the aforementioned Section is read in conjunction with Section 1322(b)(2).

Section 1322(b)(2) allows Chapter 13 debtors to modify the rights of secured claimants. Id. However, said Section contains an exception: the debtor's plan may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*." 11 U.S.C. § 1322(b)(2) (emphasis added). Thus, the issue becomes "does the § 1322(b)(2) exception refer to the security interest as viewed under nonbankruptcy commercial law or to the allowed secured claim determined after application of § 506(a)?" Mann, 249 B.R. at 833. Relying on Nobelman v. American Savings Bank, 508 U.S. 324 (1993), Defendants argue that the former is the proper interpretation.

The Nobleman Court dealt with the limited issue of "whether a Chapter 13 debtor could bifurcate an undersecured residential mortgage claim into its secured and unsecured components pursuant to § 506(a), leaving only the secured portion protected by the § 1322(b)(2) antimodification clause." Mann, 249 B.R. at 834. The facts in Nobleman involved a first priority

5

mortgage claim for $71,335.00 on a residence valued at $23,500.00. Nobelman v. Am. Sav. Bank, 508 U.S. 324, 326 (1993). The Chapter 13 debtors proposed to bifurcate their claim pursuant to Section 506(a) into a $47,835.00 unsecured claim and a $23,500.00 secured claim. Id. While the debtors offered to pay the entire secured portion, they offered to pay nothing on the unsecured portion. Id. "The debtors argued that § 1322(b)(2) should be construed to apply the restrictive clause 'other than a claim secured only by a security interest in ... the debtor's principal residence' only to the allowed secured claim, after application of § 506(a), rather than to the entire lien claim." Mann, 249 B.R. at 834.

The Nobleman Court rejected the debtors' argument and held that "to give effect to § 506(a)'s valuation and bifurcation of secured claims through a Chapter 13 plan in the manner [the debtors' propose] would require a modification of the rights of the holder of the security interest." Nobelman, 508 U.S. at 332. Thus, the Court held that "Section 1322(b)(2) prohibits such a modification where . . . the lender's claim is secured only by a lien on the debtor's principal residence." Id. However, the Nobleman Court did not address the specific issue before this Court.

The main issue in this case differs from Nobleman. The issue is not whether a Chapter 13 debtor may bifurcate an undersecured residential mortgage and modify a creditor's rights in the unsecured portion, but rather whether the debtor may strip "off a [second] mortgage on a principal residence where there is no collateral value whatsoever for that mortgage." Mann, 249 B.R. at 834. Said issue was addressed by the First Circuit Bankruptcy Appellate Panel in In re Mann, 249 B.R. 831 (B.A.P. 1st Cir. 2000). The Facts in Mann are almost identical to the ones in the above captioned case. The Chapter 13 debtors' residential property was valued at

6

$118,000.00 and was encumbered by two mortgages. Id. at 832. The first mortgage had an approximate balance due of $119,000.00, and the second mortgage had an approximate balance due of $23,800.00. Id. The debtors intended to strip off the entire second mortgage and treat it as totally unsecured. Id. The debtors argued that balance on the second mortgage should "be treated as an unsecured claim pursuant to 11 U.S.C. § 506 and the lien securing said portion of the indebtedness should be void." Id. The mortgagor of the second mortgage argued "that § 1322(b)(2) precludes the voiding of its lien." Id. The Mann Court held in the debtors' favor.

Specifically, the Mann Court held that "[p]ursuant to § 506(a) and § 1322(b)(2), and notwithstanding the antimodification provision in the latter, Chapter 13 plans may void residential real property liens that are wholly unsecured." Id. at 840. The First Circuit B.A.P. reasoned "that a literal reading of § 1322(b)(2) and § 506(a) mandates this result and that [this] view is congruent with the Nobelman decision which relegated the role of the antimodification provision of § 1322(b)(2) to claims first made subject to § 506(a) treatment." Id. "Thus, in the First Circuit, a wholly unsecured claim on a principal residence—that is, a home mortgage where there is insufficient value in the home to support even a penny of the claim—may be modified (and possibly avoided in full) in the Chapter 13 plan." TD Bank, N.A. v. Landry, 479 B.R. 1, 4 (D. Mass. 2012). Therefore, this Court will apply the aforementioned First Circuit precedent to the above captioned matter.

As in Mann, the second mortgage encumbering the Property is indisputably unsecured based on the parties' agreed upon valuation of said Property.[2] Relying on Nobleman, the

---

[2] Based on the agreed upon valuation, the Defendants' senior mortgage is partially secured. Thus, this court denies Plaintiff's to declare AEELA's interest in the Property is wholly unsecured, as such a broad declaration could be interpreted to apply to the senior mortgage.

7

Defendants argue that their second mortgage security interest over Plaintiff's principal residence is protected by statute, and may not be modified. However, as the Mann Court noted, "[o]utside of bankruptcy, a lien with no collateral value cannot deliver any funds to the lienholder upon foreclosure[,]. . . [and thus,] [s]uch a lien should not deliver better rights in the bankruptcy court." Mann, 249 B.R. at 837-38. Defendants further speculate that the Supreme Court's holding in Bank of Am., N.A. v. Caulkett, 135 S. Ct. 1995 (2015) will someday apply to Chapter 13 debtors.[3] This Court is not in the business of speculation. Suffice to say that until said day comes, this Court is bound to obey the current First Circuit precedent. See In re Mann, 249 B.R. 831 (B.A.P. 1st Cir. 2000). Lastly, as the Plaintiff concedes that the cancellation of the second mortgage lien may not take place before the completion of the proposed Chapter 13 plan payments and the issuance of the discharge order, no trial-worthy claims of material fact remain. This Court hold's that the second mortgage encumbering the Property is unsecured.

**IV. Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's request to determine the value of the Property at $60,000.00 is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request to declare AEELA's interest in the Property is wholly unsecured is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's request to determine that AEELA's claim for its second mortgage be classified as unsecured is hereby GRANTED.

---

[3] In Caulkett, the Supreme Court held that a "Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral." Bank of Am., N.A. v. Caulkett, 135 S. Ct. 1995, 2001 (2015).

In San Juan, Puerto Rico this the 11th day of January, 2016.


Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

9